NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HOWARD WILLS, JR., PETITIONER, v. MASONIC ASSOCIATION OF BEVERLY, NEW JERSEY, RESPONDENT.

A petition having been filed in the above-entitled cause, and the defendant having answered, and the matter being set down for formal hearing and the parties appearing together with their witnesses and counsel, and the court having heard the evidence, does hereby find and determine as facts that on April 20th, 1926, the petitioner, Howard Wills, Jr., was engaged in the act of digging a trench upon the property of the respondent at Beverly City, New Jersey, and that while so engaged and standing in the trench he was digging a boiler which he was to bury in said trench rolled into said trench and struck and injured the petitioner; that at the time of the injury the petitioner was suffering from rheumatism, that the petitioner suffered a short period of disability as a result of his injury and that he suffered a further period of disability because of his rheumatism, and that there was no relation between the injury and the disability caused by the rheumatism.

· The court further finds and determines as facts that the defendant is an incorporated branch of a fraternal order, formed for the purpose of holding title to the property where the fraternal order holds its meetings; that this property is improved so that part of it is rented to commercial establishments; that there is a strip of ground about twenty feet wide adjacent to that owned by the respondent, and that this

was purchased by the respondent for the benefit of the fraternal order, and that there was upon this strip of ground a frame building which housed a printing establishment, and that respondent by agreement of sale arranged with another for the removal of the frame structure, and that after the removal of the frame structure upon the newly-acquired piece of property there remained a large boiler which was the property of the former tenant; that the respondent wanted to have said boiler buried in the ground upon which it was standing, and that the petitioner agreed to bury the boiler, and was to be paid therefor, according to the number of hours necessary to complete the job; that the respondent was only interested in the result of its agreement with the petitioner and exercised no control over the manner in which he performed his work, and the petitioner entered upon the performance of his agreement free of any control or interferences by the respondent.

The court further finds and determines as facts that there was no agreement between the respondent and the petitioner other than that relating to the disposition of the aforesaid boiler, and that the contract did not contemplate any regular or continuous work, nor any work which would recur at regular intervals, and that the matter which brought the petitioner and respondent into a contractual relationship was the emergency which confronted the respondent in trying to dispose of the aforesaid boiler, and that when the boiler was buried, all relationships between petitioner and respondent would be at an end.

The court concludes as a matter of law from the pleadings and evidence and from the aforementioned facts that the petitioner was a contractor and not an employe within the meaning of the Workmen's Compensation law, and that when the petitioner sustained his accidental injury, he was engaged as a contractor in the performance of an agreement wherein the petitioner exercised his own judgment and was not subordinate to the respondent in the manner in which his work was done, and the respondent was interested only in the result which was to be accomplished.

The court further concludes as a matter of law from the pleadings and evidence and aforementioned facts that there was no such regular, periodic or recurring employment of the petitioner by respondent as contemplated by the Workmen's Compensation law, and that the task which the petitioner undertook was made necessary by an unexpected and unusual development, not in the regular course of the respondent's business, and that if the petitioner could be held to be an employe, his employment was casual and not in the regular course of respondent's business.

The petition is therefore dismissed.

W. E. Stubbs,
*Deputy Commissioner.*